# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-997V

* * * * * * * * * * * * * * * * * * * * * * * * * * *
\*
ANNA PEREKOTIY, *on behalf of her minor*    \*    Chief Special Master Corcoran
*child*, S.K.,                               \*
                                             \*    Filed: February 6, 2020
          Petitioner,      \*
                                             \*    Attorney's Fees and Costs;
        v.                            \*    Interim Fees; Expert Costs.
                                             \*
SECRETARY OF HEALTH AND                      \*
HUMAN SERVICES,                              \*
                                             \*
          Respondent.      \*
                                             \*
* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Julia Collison*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 12, 2016, Anna Perekotiy filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of her minor child, S.K., alleging that S.K. experienced a severe adverse reaction (including some developmental sequelae) to several vaccines that she received on September 18, 2013. *See* Petition, filed Aug. 12, 2016 (ECF No. 1). She later filed an amended Petition in which she alleged that

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

S.K. developed a dermatological reaction after receiving the Hepatitis B vaccine on August 21, 2013 and the DTaP and IPV vaccines on September 18, 2013. Amended Petition, filed March 3, 2016 (ECF No. 14).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $55,876.64 (representing $48,790.00 in attorney's fees, plus $7,086.64 in costs). *See generally* Motion for Interim Attorney's Fees and Costs, filed Dec. 10, 2019 (ECF No. 49) ("Interim Fees App.").

Respondent reacted to the motion on December 12, 2019, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. Response, filed Dec. 12, 2019 (ECF No. 50) at 3. Respondent otherwise represents that the statutory and other legal requirements for an award of attorney's fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id.*

For the reasons stated below, I hereby **GRANT** Petitioner's motion, awarding at this time interim fees and costs in the total amount of **$55,876.64**.

## PROCEDURAL HISTORY

This action has been pending for over three years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Andrew Downing, Esq., began working on the matter in September 2015, eleven months before the case was filed. *See* Exhibit A of Interim Fees App. at 1. The case thereafter proceeded with Petitioner filing medical records and final statement of completion by November 10, 2016, and Respondent filing his Rule 4(c) Report on February 7, 2017. Respondent's Report, filed Feb. 7, 2017 (ECF No. 10).

Petitioner subsequently filed expert reports from Dr. David Axelrod and Dr. Schield Wikas, along with supporting medical literature. Dr. Axelrod Report, filed May 9, 2017 (ECF No. 16-1); Dr. Axelrod Amended Report, filed July 11, 2017 (ECF No. 20-1); Dr. Wikas Report, filed Dec. 19, 2017 (ECF No. 26-1). Respondent similarly filed an expert report from Dr. Francis Lobo along with relevant medical literature. Dr. Lobo Report, filed Sept. 9, 2017 (ECF No. 22-1).

On February 1, 2018, I scheduled an entitlement hearing in this matter to be held on April 2, 2019. Prehearing Order, filed Feb. 1, 2018 (ECF No. 31). Before Petitioner submitted her prehearing brief, Respondent filed a motion to dismiss the claim. Motion to Dismiss, filed Sept. 20, 2018 (ECF No. 35) (Mot. to Dismiss). Petitioner provided her response to the motion to dismiss on September 28, 2018, which was followed by Respondent's Reply on October 2, 2018. Response to Mot. to Dismiss, filed Sept. 28, 2018 (ECF No. 36); Reply, filed Oct. 2, 2018 (ECF No. 37). Petitioner filed her prehearing submissions on December 18, 2018, and Respondent subsequently filed his prehearing submissions, along with an expert report from Dr. Jonathan Spergel and accompanying medical literature, on February 25, 2019. Petitioner's Prehearing Submissions, filed Dec. 18, 2018 (ECF No. 38); Respondent's Prehearing Submissions, filed Feb. 25, 2019 (ECF No. 40); Dr. Spergel Report, filed Feb. 25, 2019 (ECF No. 41).

Shortly thereafter, on May 16, 2019, Petitioner filed a motion requesting that I rule on the record. Motion for a Decision on the Record, filed May 16, 2019 (ECF No. 45). Respondent's brief

reacting to the motion for a ruling on the record was filed on July 11, 2019, prompting a reply from Petitioner that was filed on August 16, 2019. Respondent's Response Brief, filed July 11, 2019 (ECF No. 47); Petitioner's Reply Brief, filed Aug. 16, 2019 (ECF No. 48). A decision in the matter is pending.

Petitioner filed the present interim request for an award of attorney's fees and costs on December 10, 2019. *See generally*, Interim Fees App. It is the only fees request submitted to date in this case. Petitioner specifically requests that Andrew Downing be compensated at a rate of $350 per hour for work performed in 2015-16, $375 per hour for work performed in 2017, and $385 per hour for work performed in 2018-19. Exhibit A of Interim Fees App. at 32. She also requests that attorney Courtney Van Cott receive $195 per hour for work performed in 2017 and $205 per hour for work performed in 2018-19. *Id.* For the work of two paralegals, Petitioner requests compensation at a rate of $100 per hour for work performed in 2015-16 and $135 per hour for work performed between 2017-19. *Id.* Petitioner states that the requested hourly rates have previously been found to be reasonable. Interim Fees App. at 4–5. Petitioner additionally requests $7,086.64 in attorney's costs (for obtaining medical records, expert fees, and miscellaneous costs). *Id.* at 6; Exhibit A of Interim Fees App. at 29–31.

## ANALYSIS

### I. Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets all these criteria: it has

been pending for over three years and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate.[3]

## II.     Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of the award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2015-2019, as detailed above. The attorneys practicing

---

[3] Petitioner has also indicated in the present request that she does not expect to incur any additional costs. Interim Fees App. at 3. Given that a final decision in this matter is still pending, it is possible that additional attorney's fees may accrue should Petitioner choose to appeal the forthcoming decision. Under such circumstances and consistent with my usual practice, any fees incurred *subsequent* to this interim award will be addressed at the conclusion of the case. A second award of interim attorney's fees will not be entertained.

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs*., No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205–06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

at Van Cott & Talamante, located in Arizona, have repeatedly been found to be "in-forum" and therefore entitled to the forum rates established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[5] *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates). Additionally, I have recently awarded the specific rates requested herein for the same time periods to Mr. Downing, his associates, and his paralegals. *See Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2019 WL 6975184 (Fed. Cl. Spec. Mstr. Nov. 27, 2019); *Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, 2019 WL 5095634 (Fed. Cl. Spec. Mstr. Aug. 15, 2019), *mot. for reconsideration denied*, 2019 WL 5098963 (Fed. Cl. Spec. Mstr. Aug. 28, 2019), *appeal dismissed* __ Fed. Cl. __ slip op. (2020). Thus, I find Petitioner's requested rates reasonable, and they shall be awarded.

In addition, the number of hours expended on this matter appear to be reasonable for a case that has lasted roughly three years and until recently, was scheduled for an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reimbursed in full.

### III.     Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Of the $7,086.64 in litigation costs requested by Petitioner, $6,000.00 are for work performed by her experts, Drs. Axelrod and Wikas. Interim Fees App. at 4. Dr. Axelrod— Petitioner's immunological expert—billed for eight hours of work at a rate of $400 per hour for a total of $3,200.00[6]. Ex. A of Interim Fees App. at 42. Dr. Wikas—Petitioner's dermatologic

---

[5] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters ("OSM Hourly Rate Chart").

[6] The invoice provided for Dr. Axelrod's services totals $3,200.00, however the initial check issued by Petitioner's counsel for those services was made in the amount of $3,500.00. Exhibit A of Interim Fees App. at 42. The $300.00 discrepancy was the result of an accounting error, which Petitioner's counsel has since clarified. Therefore, the correct

expert—billed a flat retainer fee of $2,500.00 for work performed in this matter. *Id.* at 43–44. I find that these rates are reasonable in light of the medical record and work performed in this matter. Petitioner also requests reimbursement of costs—totaling $300.00—associated with a two-hour consultation with Dr. Ronald Jorgensen. *Id.* at 31, 47. Again, I find this expense to be reasonable and will therefore reimburse it.

Lastly, Petitioner's request for the reimbursement of $1,086.64 worth of miscellaneous litigation costs, such as medical record requests and postage, is likewise reasonable under the circumstances presented by this case. Thus, I award the requested costs—a total of $7,086.64—in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees and Costs.

I therefore award a total of **$55,876.64** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq., representing attorney's fees in the amount of $48,790.00, plus costs in the amount of $7,086.64.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

amount to be reimbursed for Dr. Axelrod's services is $3,200.00. I will therefore reduce Petitioner's award by $300.00 to reflect this correction.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.